UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-348-FDW

| TRAVAILE SPELLER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| MECKLENBURG COUNTY JAIL, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. (Doc. No. 1). He is proceeding *in forma pauperis*. See (Doc. No. 6).

**I.      BACKGROUND**

*Pro se* Plaintiff, who is an inmate at the Piedmont Correctional Institution, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. He names as the sole Defendant the Mecklenburg County Jail. He alleges that his Eighth and Fourteenth Amendment rights were violated during Ramadan because he was only provided breakfast and dinner, which "clearly depriv[ed him] of the necessary calories, as well as the recommended daily value of nutrients that [his] body requires to function normally." (Doc. No. 1 at 1). He alleges that the deprivation of lunch is cruel and unusual punishment that is directed toward all Muslims. He seeks a jury trial and $250,000 in "monetary and punitive" damages. (Doc. No. 1 at 2).

**II.     STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

1

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

## III. DISCUSSION

In order to successfully allege a violation of 42 U.S.C. § 1983, the plaintiff must allege that a "person" acting under the color of state law violated the plaintiff's constitutional rights. Rule 17(b) of the Federal Rules of Civil Procedure states that a party's capacity to be sued is determined by the law of the state in which the District Court is held. Under North Carolina law, unless a statute provides to the contrary, only persons in being may be sued. McPherson v. First & Citizens Nat. Bank of Elizabeth City, 240 N.C. 1, 18, 81 S.E.2d 386 (1954). Jails may not be sued. Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at "persons" and the jail is not a person amenable to suit."); Thomas v. Anderson City Jail, 2011 WL 534392 at *1 (D.S.C. Feb. 8, 2011) ("The Anderson City Jail is an inanimate object that can not act under color of state law and therefore is not a "person" subject to suit under 42 U.S.C. § 1983.").

Plaintiff has named as the sole Defendant in this case the Mecklenburg County Jail. That entity is not a "person" within the meaning of § 1983 or the Federal Rules of Civil Procedure. See Wiley v. Buncombe County, 846 F.Supp.2d 480 (W.D.N.C. 2012), *aff'd* 474 Fed. Appx. 285 (4th Cir. 2012). Therefore, the Complaint will be dismissed without prejudice.

## V. CONCLUSION

For the reasons stated herein, the Complaint is deficient and subject to dismissal. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief. Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. The Amended Complaint must be on

a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. It must contain a "short and plain statement of the claim" showing that Plaintiff is entitled to relief against each of the defendants. Fed. R. Civ. P. 8(a)(2). The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** as facially insufficient pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff shall have fourteen (14) days in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed and closed without prejudice and without further notice to Plaintiff.

3. The Clerk is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

Signed: July 27, 2018

Frank D. Whitney
Chief United States District Judge